IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED NATIONAL                  §
INSURANCE COMPANY                §
                                 §
    Plaintiff,               §
                                 §
v.                               §          Civil Action No. 4:25-cv-00538
                                 §
JOE TEX XPRESS LLC               §
                                 §
                                 §
    Defendant.               §

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff United National Insurance Company ("UNIC") files this Original Complaint for Declaratory Relief and would respectfully show as follows:

**I.**
**INTRODUCTION**

1.    UNIC seeks a judicial determination that it owes no duty to indemnify Joe Tex Xpress LLC (Joe Tex") for the theft loss of a 2020 Peterbilt tractor under an insurance policy issued by UNIC naming Joe Tex as a named insured and providing physical damage coverage.

**PARTIES**

2.  Plaintiff United National Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. UNIC is considered, for all times relevant to this suit, a citizen of the State of Pennsylvania.

3.  Joe Tex was and is a Texas LLC with its principal place of business in Mount Vernon, Texas, and whose sole member, Joe Setina, is a citizen of Texas. Joe Tex is considered, for all

times relevant to this suit, a citizen of the State of Texas. Joe Tex may be served through its registered agent, Joe Setina at 619 West Rutherford St. Mount Vernon, Texas 75457.

## II.
## JURISDICTION AND VENUE

4.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists among the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees, and costs, as the 2020 Peterbilt tractor at issue had a scheduled value under the policy at issue of $149,500, subject to a deductible of $5,000.

5.    Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391 because Joe Tex has its principal place of business within this District, and all parties are subject to the jurisdiction of this Court.

6.    Declaratory relief is proper regarding the subject matter of this action because there is an actual and substantial controversy between the parties concerning whether UNIC has a duty indemnify Joe Tex for the theft loss of a 2020 Peterbilt tractor under an insurance policy issued by UNIC naming Joe Tex as a named insured and providing physical damage coverage. UNIC seeks a declaration that it does not owe any duty to indemnify Joe Tex pursuant to the UNIC insurance policy described below. By the terms and provisions of Title 28 U.S.C. §2201, this Court has the power to declare the obligations and duties of the parties and to grant such other relief as may be necessary.

## III.
## FACTUAL BACKGROUND

### A.  THE UNIC POLICY

7.    UNIC issued an insurance policy to Continental Trucking Association Inc. and its members as they appear on the Reporter on file with UNIC (which members included Joe Tex),

Policy Number TAR0011223, with a policy period of December 1, 2023 to December 1, 2024 (the "Policy"). A true and correct copy of the Policy is attached hereto as <u>Exhibit A</u>. The Policy provides, in pertinent part, physical damage coverage pursuant to which UNIC "will pay for "loss" to a covered "auto" or its equipment under: "**a. Comprehensive Coverage** From any cause except: (1) The covered "auto's" collision with another object; or (2) The covered "auto's" overturn." *See* Ex. A at CA 00 20 11 20 at p. 8 of 15.

8.      As relevant here, the Policy also contains an endorsement which modifies the insurance coverage provided as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CONDITIONAL EXCLUSION - SECURED GARAGE OR YARD (DESIGNATED AUTO EXCEPTION)

This endorsement modifies insurance provided under the following:
    MOTOR CARRIER COVERAGE FORM

**SCHEDULE OF AUTOS WITH LIMITED COVERAGE**

AS SHOWN IN THE REPORT OF COVERAGES, VALUES, AND "AUTOS" ON FILE

**The following is added to Paragraph B. Exclusions of SECTION IV – PHYSICAL DAMAGE COVERAGE:**

**We will not pay for "loss" to a covered "auto" unless the covered "auto" has been:**

1. **Securely garaged in a closed and locked building; or**

2. **Parked in a fully enclosed yard with all openings closed and securely locked; or**

3. **Parked in a yard that is under constant surveillance with all openings closed and securely locked; or**

4. **Parked in a 24-hour guarded yard or lot with all openings closed and securely locked; or**

**5. Parked on or adjacent to the insured's permanent residence, but not on a public road, with all openings closed and securely locked.**

**However, we will pay for "loss" to a covered "auto" if shown in the Schedule above, subject to a maximum limit of 20% of the stated amount, after any applicable deductible is applied.**

See Ex. A at GCZ003 03 23.

9.     The Peterbilt tractor at issue was not an auto shown in the Report of Coverages, Values, and "Autos" on file as to which limited coverage was provided under this endorsement.

**B.  THE THEFT LOSS**

10.     It was reported that the 2020 Peterbilt tractor at issue, bearing VIN 1XPXD49X6LD641952, was stolen on October 26, 2024, from a parking lot at 6910 W. Bert Kouns Industrial Loop Shreveport, Louisiana. After the report of the loss, UNIC conducted a thorough investigation of the loss which indicated that the theft occurred while the tractor was parked in the parking lot at a Petro Truck Stop. Although the parking lot did have cameras mounted on the exterior of the main travel stop center and also on the truck fueling station located on the east side of the truck stop, all the cameras were facing toward the entrances to the buildings. No cameras were observed pointed toward the parking lot, nor did the parking lot meet the criteria set for the in the above quoted endorsement.

**C.      COVERAGE FOR THE THEFT LOSS IS EXCLUDED**

11.     Coverage under the Policy for the claimed theft loss is specifically excluded by the above quoted Policy provisions because the tractor was not securely garaged or parked in a manner required by the above quoted endorsement.

12.     Because any coverage for the theft loss is excluded by the endorsement quoted above, UNIC is entitled to a declaratory judgment finding that it owes Joe Tex no duty to indemnify for the loss of the tractor at issue.

## IV.
## DECLARATORY RELIEF

13.     UNIC incorporates by reference the allegations stated above.

14.     There is an actual, present, and existing controversy between UNIC, on the one hand, and Joe Tex on the other, regarding whether there is any coverage for the theft loss at issue. Therefore, UNIC seeks a declaration that it does not owe a duty to indemnify Joe Tex in relation to the loss of the tractor at issue.

15.     In addition to the foregoing provisions, UNIC pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable, and it reserves the right to amend its Complaint for Declaratory Relief.

## V.
## JURY DEMAND

16.     UNIC requests that this civil action be tried before a jury.

## VI.
## PRAYER

17.     Wherefore, United National Insurance Company respectfully requests judgment as follows:

1.     A declaration that the United National Insurance Company Policy does not provide coverage for the reported theft loss of the Peterbilt tractor at issue;

2.     A declaration that United National Insurance Company has no duty to pay any amount under the Policy for the reported theft loss of the Peterbilt tractor at issue; and

3.     For such other and further relief in law or equity to which United National Insurance Company is justly entitled.

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 5

**Dated:** May 21, 2025.

Respectfully submitted,

/s/ Greg K. Winslett
GREG K. WINSLETT
State Bar No. 21781900
gwinslett@qslwm.com
 RICHARD L. SMITH, JR.
State Bar No. 18671200
rsmith@qslwm.com
BLAISE S. WILCOTT
State Bar No. 24086481
bwilcott@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**UNITED NATIONAL INSURANCE**
**COMPANY**